UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASTLEPOINT INSURANCE COMPANY, | : <br> : <br> : <br> : |
| Plaintiff, | :    Civil Action No.: 10-1209 <br> : |
| v. | :    **MEMORANDUM** <br> :    **OPINION** |
| STATE DRUG STORES, INC., et al., | : <br> : |
| Defendants. | : <br> : |

    This matter having been opened to the Court by Michael Dolish, Esq., counsel for Defendants/Third Party Plaintiffs Ricky and Jay, Inc. and Ramish Patel (collectively, "RJI" or "Third Party Plaintiff"), moving to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Count Thirteen of Third-Party Defendant/Fourth-Party Plaintiff Lupe Munoz's Counterclaim and Fourth Party Complaint against RJI; it appearing that:

    1. This suit was initiated by Plaintiff Castlepoint Insurance Company ("Castlepoint") as a subrogation action for $238,000.00 it paid to its insured, Paramount Property Management, Inc., for fire damage resulting from a May 26, 2008 fire at 68-70 Main Street, South Bound Brook, New Jersey. Compl., ¶¶ 1, 3. The complaint does not specify exactly where the fire allegedly originated.

    2. Castlepoint claims that the tenants that occupied 68-70 Main Street, South Bound Brook, New Jersey, negligently caused the fire, and breached their contractual duties under their tenancy agreements. Id. at ¶¶ 17-30. These tenants are Defendants

RJI, State Drug Stores, Inc. d/b/a Scrub Board Wash and Dry, and 70 Main Laundromat.  See id.

3. After answering Castlepoint's Amended Complaint, RJI filed a Third Party Complaint against Lupe Munoz ("Munoz" or "Third Party Defendant") claiming that Castlepoint contends the fire started in the laundromat controlled and operated by RJI at 70 Main Street, South Bound Brook, New Jersey.  Third Party Compl., ¶ 2. According to the Third Party Complaint, Munoz was performing construction work on a bakery located adjacent to the laundromat.  Id. at ¶ 4.  RJI alleges that Munoz negligently, careless, and/or recklessly performed that construction work, thereby causing or contributing to the fire at the laundromat.  Id. at ¶¶ 10-11.  RJI seeks judgment, contribution, and indemnity.

4. In response to RJI's Third Party Complaint, Munoz filed a Counterclaim and Fourth Party Complaint ("Munoz Complaint") against RJI. The thirteenth count of the Munoz Complaint asserts a claim under New Jersey's Frivolous Litigation Statute, N.J.S.A. 2A:15–59.1, alleging that RJI's claims against Munoz are "frivolous and lacking in merit and filed simply for the purposes of harassment or otherwise in bad faith."  Munoz Complaint, Thirteenth Count, ¶ 2.  In addition, the thirteenth count seeks treble damages under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8–1 et seq. ("NJCFA").  The Munoz Complaint does not plead any facts in support of this count.  Now, RJI moves to dismiss the thirteenth count of the Munoz Complaint.[1]

---

[1] While Munoz had initially cross-moved for leave to file an amended fourth party complaint to add additional parties, he withdrew that motion.

5. In <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the 12(b)(6) standard. Specifically, the Court "retired" the language contained in <u>Conley v. Gibson</u>, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id.</u> at 561 (quoting <u>Conley</u>, 355 U.S. at 45–46). Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555. As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest 'the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element'." <u>Phillips</u>, 515 F.3d at 234 (quoting <u>Twombly</u>, 550 U.S. at 556).

6. Under New Jersey's Frivolous Litigation Statute, a claim may be deemed frivolous if "on the basis of the pleadings, discovery, or . . . evidence presented," one of two instances is apparent, either:

> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or

> (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

N.J.S.A. 2A:15-59.1b. "Because the statutory language is phrased disjunctively, a valid claim in law or equity, could be frivolous if it were brought for the improper purposes cited [in] N.J.S.A. 2A:15-59.1b(1). Conversely, even without an improper purpose, a claim could be frivolous if it utterly lacks a "reasonable basis in law or equity" and lacks a good-faith argument for extension of the law ...." Segal v. Lynch, 413 N.J.Super. 171 (App. Div. 2010).

7. As noted, there are no factual allegations in the Munoz Complaint. It appears from Munoz's opposition to the instant motion to dismiss, that he contends RJI's Third Party Complaint is frivolous on its face. See Munoz Opp. at 7. Moreover, Munoz does not dispute that he was hired to perform construction work at the bakery, rather, he argues, he had completed his construction work at the bakery on May, 6, 2008, which was several weeks before the fire occurred on Sunday, May 26, 2008 at 2:46 a.m.[2] This alleged fact, however, is not in the Munoz Complaint, and a party may not amend his pleading through his brief. Commonwealth of Pennsylvania, Ex Rel. Leroy S. Zimmerman, v. Pepsico, Inc., 836 F.2d 173, 182 (3d Cir. 1988). Perhaps recognizing this, Munoz seeks leave to file an amended counterclaim and fourth party complaint.

8. The lack of allegations in the Munoz Complaint, and the paucity of Munoz's

---

[2] Munoz also attached several documents to his opposition, including and prior correspondence he mailed to RJI's counsel. Munoz has not specified, however, what aspects of these letters he would incorporate into his frivolous pleading allegations if granted leave to amend.

4

proposed allegations, lead the Court to conclude that amendment would be futile. To state a claim under the frivolous pleading statute, Munoz would have to assert either that RJI sued him in bad faith, solely for the purpose of harassment, delay or malicious injury, or that RJI had no reasonable basis in law or equity for bringing suit against him. If the Court permitted Munoz to amend his pleading to allege that he completed his construction work twenty days before the fire, that one fact would not sufficiently demonstrate that RJI acted solely for the purpose of harassment. Nor would it, alone, suggest that RJI had no basis in law or equity for claiming that Munoz's construction work caused or contributed to the fire. RJI's Third Party Complaint alleges that Munoz's construction work was completed in a building adjacent to the laundromat where RJI contends the fire originated. Munoz has not alleged any facts that would demonstrate that RJI's allegations are wholly without merit.

9. Munoz further argues that RJI's counsel states, in RJI's moving papers for this motion, that additional discovery must be completed to determine if there is a viable claim against Munoz. See Munoz Opp. at 7. In Munoz's view, this statement demonstrates that the RJI pleading is frivolous. It is true that RJI"s counsel states that the Magistrate Judge presiding over this matter extended the discovery period in order to allow RJI to "conduct discovery relative to whether there was a viable claim as alleged in the Third Party Complaint." RJI Notice of Motion, ¶ 10. In arguing that this statement demonstrates frivolity, however, Munoz takes the statement out of context. I read RJI's statement as simply noting that the discovery period has been extended—not an admission that it has no factual basis to support its claims.

10.   Lastly, while the Munoz Complaint seeks treble damages under the frivolous pleading statute, no such damages are available.  The statute provides only for an award of "all reasonable litigation costs and reasonable attorney fees."  N.J.S.A. 2A:15-59.1a.  Munoz's reference in count thirteen to the NJCFA's treble damage provision is inapposite.

11.   For the foregoing reasons, RJI's motion to dismiss count thirteen of the Munoz Complaint is hereby granted, and count thirteen is dismissed with prejudice.  An appropriate Order shall follow.

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Dated: December 5, 2011